NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-244

DEREK PAGE

VERSUS

H. COOKIE BENSON, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20094470
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

OSWALD A. DECUIR

JUDGE

**********

Court composed of Oswald A. Decuir, Billy H. Ezell, and J. David Painter, Judges.

RULE TO SHOW CAUSE WITHDRAWN AND APPEAL MAINTAINED.

John Paul Charbonnet
The Glenn Armentor Law Corp.
300 Stewart St.
Lafayette, LA 70501
(337) 233-1471
COUNSEL FOR PLAINTIFF/APPELLANT:
    Derek Page

**Kevin Wade Trahan**
**Valerie Guidry**
**Ottinger, Hebert, LLC**
**Post Office Drawer 52606**
**Lafayette, LA 70505-2606**
**(337) 232-2606**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Monica Roger**
    **Bobby Benson**
    **H. Cookie Benson**
    **C. S. Management, Inc.**
    **Sterling Grove Housing Development, Inc.**

**DECUIR, Judge.**

This court issued, *sua sponte*, a rule ordering the Plaintiff-Appellant, Derek Page, to show cause, by brief only, why the appeal in this case should not be dismissed as untimely. On March 15, 2012, this court received Plaintiff-Appellant's response to the rule. For the reasons assigned, we hereby withdraw the rule to show cause and maintain the instant appeal.

On July 27, 2011, Plaintiff-Appellant filed suit against various defendants. Those defendants then filed motions for summary judgment. On May 12, 2011, the trial court granted summary judgment, dismissing all claims against four defendants and several claims against a fifth defendant. The notice of judgment was mailed on October 24, 2011; however, the appellate record indicates that the motion for appeal was not filed until February 1, 2012—more than three months after notice of judgment was mailed to the parties. Accordingly, upon the lodging of the record in this appeal, this court issued a rule for Plaintiff-Appellant to show cause as to why the appeal should not be dismissed for having been untimely taken from the judgments issued on May 12, 2011.

We note that La.Code Civ.P. art. 1974 provides that "[t]he delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913." In situations where no application for new trial is filed, La.Code Civ.P. art. 2087 provides that a devolutive appeal may be taken within sixty days after the expiration of the delay for applying for a new trial, and La.Code Civ.P. art. 2123 provides that a suspensive appeal may be taken within thirty days of the expiration of the delay for applying for a new trial.

Here, it is clear that the appeal is untimely on its face. However, Plaintiff-Appellant contends that the appeal was untimely lodged through no fault of his own. Specifically, Plaintiff-Appellant contends that his initial petition for devolutive appeal was, in fact, filed on November 2, 2011, but was never completely processed, and as a result, a return date never issued. Plaintiff-Appellant, upon confirming said failure with the Deputy Clerk of Court, filed the petition for devolutive appeal a second time on February 1, 2012.

In support of his claims, Plaintiff-Appellant submitted with his brief the affidavit of Ms. Melanie A. Broussard, the Deputy Clerk and Director of Civil Records for Lafayette Parish Clerk of Court's office, which provides the following:

> I have confirmed that on November 2, 2011, at 3:38 p.m., plaintiff's counsel filed a Petition for Devolutive Appeal and Order, as well as a Designation of Record on Appeal. I have personally reviewed a copy of plaintiff's copy of this pleading and confirm that it is stamped with genuine conforming data indicating that those pleadings were in fact received and filed by the Lafayette Parish Clerk of Court's Office on that date and time. Moreover, there is a charge noted as having been entered on November 2, 2011 at the time the original Petition for Devolutive Appeal was filed. As indicated above, that pleading would have under the ordinary course of events been mailed to Judge Edward Broussard's office in Abbeville in Vermillion [sic] Parish, and later returned to the Lafayette Parish Clerk of Court for further processing. While it is clear that a Petition for a Devolutive Appeal was filed on November 2, 2011, it is not certain what happened to this pleading thereafter. Where plaintiff's counsel called to inquire as to the processing about this pleading, we investigated its whereabouts. We did not locate it in the Clerk of Court's office nor was it located in Judge Broussard's office. On the same day that my office confirmed to plaintiff's counsel that the November 2, 2011 pleading must have been lost in transit, plaintiff's counsel immediately filed a second Petition for Devolutive Appeal which set forth the irregular history of the first pleading. This second pleading was filed, transmitted to Judge Edward Broussard and returned to the Clerk of Court's office as usual. (References Omitted).

This affidavit confirms three things: 1) Plaintiff-Appellant's petition for devolutive appeal was timely filed on November 2, 2011; 2) the Clerk of Court failed

to process the petition for devolutive appeal and assign a return date; and 3) the Clerk of Court's failure was beyond Plaintiff-Appellant's control.

It is well settled in the law that if an appellant fails to timely file a devolutive appeal and a jurisdictional defect results therefrom, neither the court of appeal nor any other court has the authority to reverse, revise, or modify that final judgment. La.Code Civ.P. arts. 1974 and 2087. We note, however, that although Plaintiff-Appellant's petition for devolutive appeal was not **processed** until after the deadline for filing had passed, Plaintiff-Appellant's devolutive appeal was timely **filed**. Thus, based on the foregoing, we order that the rule to show cause be withdrawn and the appeal maintained.

**RULE TO SHOW CAUSE WITHDRAWN AND THE APPEAL MAINTAINED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.